---

### *In re* POST.

(*Supreme Court, General Term, First Department.* April 17, 1891.)

SETTING ASIDE REPORT OF REFEREE—AMENDMENT OF ORDER.

An order made by a surrogate, setting aside the report of a referee, which omits to recite that the evidence, exhibits, and abstracts before the referee, and the exceptions to his rulings, formed part of the hearing before the surrogate, may be thereafter amended by him so as to conform to the facts; but it should be upon condition that the party at whose instance it is done shall pay not only the costs of the motion therefor, but those incurred upon an appeal to obtain such amendment. Modifying 9 N. Y. Supp. 449.

Appeal from surrogates' court, New York county.

Motion by Jane Eliza Davis, administratrix with the will annexed of Cornelia Post, deceased, for a resettlement of an order of the surrogate of the county of New York referring back to a referee proceedings to compel Henry A. V. Post, as administrator of Edwin Post, deceased, who had been in his life-time administrator with the will annexed of said Cornelia Post, to account for the estate of said Cornelia Post. Said Henry A. V. Post appeals from an order resettling and amending such previous order.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*John C. O'Conor, Jr.,* (*Daniel G. Rollins,* of counsel,) for appellant. *George D. Beattys,* (*Fred. W. Hinrichs,* of counsel,) for respondent.

DANIELS, J. An order was made by the surrogate directing Henry A. V. Post, the appellant in this proceeding, to account as administrator of Edwin Post, deceased, for the estate of Cornelia Post, deceased, of which he was the administrator. His account was filed, and objections were presented to it; and the case was then referred to a referee, who, after hearing the evidence, decided and reported in favor of the appellant, on the ground that the statute of limitations protected him against the accounting, so far as it had been drawn in controversy. This decision of the referee was made the subject of exceptions by the party insisting on the liability of this administrator so to account, and on the hearing of the exceptions the surrogate concluded that the statute was not a bar to the claim for this accounting, and set aside the referee's report, and ordered the case back for a further hearing. From that

order an appeal was taken by the same appellant to this general term, and the printed case to present it contained no more than the record itself of the surrogate's court. An application to dismiss it for want of a case was made to this court, but that was not entertained for the reason that the clerk of the surrogate's court had certified the return as correctly including the papers which were referred to in the order, and it was suggested, if any correction should be made, it was to be done by the surrogate. An application was then made for that purpose to the surrogate, and he ordered the preceding order to be amended in its recitals, the chief of which was that the evidence, exhibits, and abstracts of account introduced on the reference, and the exceptions, and requests to find, were before the surrogate on the hearing which resulted in the order setting aside the report of the referee. The objection has been taken that the surrogate acted without authority in making this amendment to the recitals in the order which was first entered. That order was entered on the 18th of April, 1890, and the order to show cause why the change should not be made was not obtained until the 10th of the next October. But this was not so great a period of delay as to preclude the respondent from making the motion, especially as it was in that month that the motion was made in this court to dismiss the appeal for want of a case containing that evidence. After the refusal to entertain that motion for the reason that the surrogate's court was the proper tribunal to which application for relief should be made, the motion there was made with all practicable diligence. And the power of the surrogate to entertain and favorably dispose of it has been fully supplied by subdivision 6 of section 2481 of the Code of Civil Procedure; for by that subdivision he has been given the authority to open, vacate, modify, set aside, or enter as of a former time, a decree or order of his court; and the only qualification to which it has been subjected is that it must be exercised only in a like case, and in a similar manner as a court of record and general jurisdiction exercises the same powers; and that these courts have been vested with this power of amendment and correction appears from section 724 of the Code, providing, among other things, that they may supply an omission in any proceeding. This was such an omission; and it was within the power of correction in this manner given to the surrogate. The order as it had been entered was incorrect in its omission to recite that the evidence, exhibits, and abstracts which were before the referee, and the exceptions to his findings and refusals to find, formed part of the hearing before the surrogate to set aside the report of the referee; and it was the duty of the surrogate to provide for its correction by adding, as he did, the statement of this fact to the recitals of the order. But the order is objectionable in the terms on which it was made. They were the payment only of motion costs. These terms should also have included the disbursements on the appeal, which the amendment made a useless expenditure. These expenses were regularly incurred as the order had been entered at first, and from which the appeal had been taken; and, as the appeal will now require a new case to present it, the expenses previously incurred should also have been required to be paid as a condition for the amendment of the order. In that respect the order should be modified by requiring as a condition of the amendment the payment of the expenses previously incurred on the appeal, and, as modified, affirmed, without costs of this appeal. All concur.